IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40792
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PEDRO LANDEROS, JR.,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-576-1
---------------------
November 1, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Pedro Landeros, Jr., appeals from his conditional guilty plea for possession with the intent to distribute approximately 440 pounds of cocaine. He challenges the adverse portion of the district court's suppression ruling concerning the search of the livestock trailer. We AFFIRM.

Landeros fails to challenge the primary conclusion of the district court, namely, that Landeros lacked standing to challenge the search of the trailer which he did not own. His failure to challenge this aspect of the ruling results in the issue's being

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Even if Landeros had standing, he has not shown error by the district court. Landeros argues that the stop of his vehicle towing the livestock trailer was done without reasonable suspicion and thus violative of the Fourth Amendment. The district court alternatively found that the Border Patrol agent had articulated a sufficient factual basis to support the stop. From our independent review, we agree. See United States v. Jordan, 232 F.3d 447, 448 (5th Cir. 2000) (standard of review).

Border Patrol Agent Paffen testified that he observed through the slats of the trailer that the cattle at the front of the trailer were standing higher than the cattle at the back of the trailer. The height difference struck Paffen as unusual from his past encounters with livestock trailers. Further, he had knowledge of incidents of hidden compartments located in trailer floors. Additionally, Paffen noticed the unusually even distribution of hay and manure on the trailer floor. Reasonable suspicion existed for Paffen to stop Landeros in order to inspect the trailer. See United States v. Nichols, 142 F.3d 857, 873 (5th Cir. 1998).

Landeros argues that his consent for the law enforcement officers to inspect the trailer was invalid. The district court credited the testimonies of the law enforcement agents over Landeros' testimony and found that Landeros' consent was valid. We conclude that this finding by the district court is not clearly erroneous. See United States v. Tompkins, 130 F.3d 117, 123 (5th Cir. 1997).

As part of his appellate argument directed at the suppression ruling, Landeros asserts that the evidence fails to demonstrate his guilty knowledge of the cocaine hidden in the trailer. Landeros conditionally pleaded guilty, preserving his right to appeal the suppression ruling. In general, a valid guilty plea waives all nonjurisdictional defects, which includes a challenge to the sufficiency of the evidence. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). His assertion is without merit.

Landeros has not shown error by the district court in its suppression ruling.

AFFIRMED.